IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06cv01386-MSK-PAC

DAMON NAILL,

        Plaintiff,

v.

CITY OF FORT MORGAN, Colorado, a municipality;
JEFF LINDSEY, in his official and individual capacity; and
KEITH A. KURETICH, in his official and individual capacity,

        Defendants.

---

## PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(c)

---

Pursuant to F.R.C.P. 26(c), and agreement of the parties,

IT IS ORDERED THAT:

1.    The parties have disclosed, or will disclose, documents and/or information, or produced documents and/or information pursuant to requests, which necessitates the use of a protective order because such documents or information concern private personnel matters and information regarding third parties that may be confidential. All documents subject to this Protective Order will be labeled "Subject to Protective Order" or "Confidential."

2.    The parties will make available to the other parties documents subject to this Protective Order. The parties agree that the confidential material will only be used for purposes of this litigation and may be provided only to the following persons in connection with their duties associated with this litigation:

a.  attorneys of record in this action and their partners or associate attorneys;

b.  any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

c.  parties to this litigation;

d.  any independent expert, consultant or similar person retained by a party or counsel to provide assistance, expert advice, technical consultation or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action.

e.  this Court; and

f.  court reporters or other official personnel reasonably required for the preparation of transcripts of testimony for this action.

3.  Confidential documents shall not be filed with the Clerk of Court except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the confidential documents are relevant to the motion. A party contemplating filing material subject to this Protective Order with the Court shall file an appropriate motion [*consistent with D.C. Colo. LCiv R 7.2 and 7.3*] with this Court requesting that the materials be filed under seal. Any materials so filed with the Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

4.  The Parties agree that the terms and conditions in this Protective Order survive the termination of this litigation. Upon conclusion of this litigation, any Party in possession of

2

Confidential Information will ensure that it is destroyed or stored in a manner which ensures compliance with the terms and conditions of this Protective Order.

5. All working papers or other documents in the possession, custody or control of the parties' counsel relating to the information derived from documents covered by this Protective Order shall be kept confidential by each party's counsel and ultimately destroyed.

6. Nothing contained in this Protective Order shall be deemed to imply that any of the documents produced are relevant to the issues involved in this case, nor that they are not subject to some other objection or privilege.

7. Whenever a deposition involves the disclosure of material subject to this Protective Order, the deposition or portions thereof shall be designated as *Confidential and subject to Protective Order*. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as confidential after the transcript is received by providing written notice of the designation within 30 days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain confidential material, shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated confidential shall also be bound separately.

8. The parties agree that dissemination of these documents and/or information is limited by the terms of this Protective Order.

9. The parties agree that prior to designating documents as confidential, the party designating the document will review the information and only so designate if there is a good faith belief that the information is confidential or otherwise entitled to protection.

10. A party may object to the designation of confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, it shall be the obligation of the party designating the information as "confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within 20 business days of the notice, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Protective Order. The parties agree, however, that the order shall remain in effect until further notice is received from the Court.

12. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of

Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

DATED this 19Th day of March, 2007.

BY THE COURT:

_(signature)_
~~United States Magistrate Judge~~
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO
For Magistrate Judge Coan

Stipulated and Agreed to:

s/Marcel Krzystek
Marcel Krzystek, Esq.
David A. Lane, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone: (303) 571-1000
FAX: (303) 571-1001
*Counsel for Plaintiff*

s/ Karen Wells
Karen Wells, Esq.
NATHAN BREMER DUMM & MYERS, P.C.
3900 E. Mexico, Suite 1000
Denver, Colorado 80210
(303) 691-3737
*Counsel for Defendants City of Fort Morgan and Kuretich*

s/Brett McDaniel
Brett McDaniel, Esq.
SENTER GOLDFARB & RICE, LLC
1700 Broadway, Suite 1700
Denver, CO 80290
(303) 520-0509
*Counsel for Defendant Lindsey*